**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRIS LANGER,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**INTERVAL INTERNATIONAL, INC.,**<br><br>　　　　Defendant. | Case No.: 21-CV-1150 YGR<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT; VACATING HEARING; SETTING CASE MANAGEMENT CONFERENCE**<br><br>**DKT. NO. 15** |

　　Plaintiff Chris Langer brings this action pursuant to the Americans With Disabilities Act ("ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("the Unruh Act"), against defendant Interval International, Inc. On April 27, 2021, Langer filed a First Amended Complaint. (Dkt. No. 13 ["FAC"].) The instant motion to dismiss the FAC followed. (Dkt. No. 15.) Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the motion to dismiss the FAC.[1]

　　Langer alleges he is a person with a disability (partial hearing loss) and that he requires the use of closed captioning in order to understand all the content of internet media like movies and tutorial videos. He alleges that Interval is in the business of renting timeshare vacations and uses its website to induce customers to use its services. (FAC ¶¶ 12, 13.) He alleges that he visited the website in February 2021 looking for information about Interval's services and discovered that the video content he attempted to view on the website did not have closed captioning. (*Id*. ¶ 16.) Langer alleges the website provided information about becoming a member and staying at Interval's physical locations. (*Id*. ¶ 15.) The website was meant to "induce customers to patronize the physical locations" and "provides direct interface with the physical locations by allowing scheduling appointments through the site." (*Id*.)

　　Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

---

[1] The Court finds this motion appropriate for decision without oral argument and **VACATES** the hearing set for **July 6, 2021**.

accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).  To succeed on a discrimination claim under Title III of the ADA, a plaintiff must show that they are disabled within the meaning of the ADA; defendant is a private entity that owns, leases, or operates a place of public accommodation; and plaintiff was denied public accommodation by the defendant because of their disability.  *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2011); *see also Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 874 (9th Cir. 2004) ("a place of public accommodation may be 'operated' by entities who do not own the [physical] facility and use it for a limited time period only").  The Ninth Circuit has held that Title III of the ADA applies to websites with a nexus to public accommodations, such as restaurants and lodging, since the websites connect customers to the services provided at the physical locations.  *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (finding nexus between of Domino's website and app and its physical restaurants since alleged inaccessibility of website and app "impeded access to the goods and services of its physical pizza franchises—which are places of public accommodation"); *see also Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *2 (N.D. Cal. Jan. 15, 2021) (failure to allege nexus between plaintiff's use of website and intention to access physical location).

Interval seeks to dismiss the FAC essentially on two grounds.[2]  First, Interval contends that plaintiff has failed to allege that it operates a "public accommodation" covered under either Title III of the ADA or Unruh Act, because: (1) there is no nexus between defendant's alleged inaccessible website and any *physical* place; and (2) because the service Interval operates is exempt from Title III under the exception for private membership clubs.  Further, following from the "lack of physical nexus" argument, Interval contends that plaintiff also lacks standing since he does not allege an intent to visit or return to a *physical* place of public accommodation.  Interval argues the Court can take judicial notice of its website, which both refutes plaintiff's allegations that Interval owns or

---

[2] The alleged Unruh Act violation is derivative of the alleged ADA Title III violation.  The motion seeks dismissal of the latter claim on essentially the same grounds.

2

operates any physical location, and further shows that the (undisputedly physical) time-share accommodations bookings on the website are only available to members, not to the general public.

Interval's reliance on the contents of its website as a basis for dismissing the claims here fails. As a preliminary matter, Interval has not: submitted a request for judicial notice; provided screenshots of or quotations from the portions of the website it believes the Court should consider; or offered any basis for determining whether the current version of its website is identical to the one Langer alleges he visited in February 2021. (*See* FAC ¶ 15.)

Beyond the fact that Interval suggests the Court take judicial notice of *unspecified* statements on its website, Interval offers its representation of those unspecified statements for their truth in order to dispute the allegations of the FAC. Interval argues that it is "evident" from the contents of its website that it does not own or operate any physical location, and that the time share accommodations its members may book through the website are not available the general public. The circumstances under which a court can consider matters outside the pleadings on a motion under Rule 12(b)(6) are limited. Even where documents are incorporated by reference or properly subject to judicial notice, the Court cannot consider them for the truth of the assertions therein, particularly in the context of a pleading motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (court taking judicial notice of another court's opinion does so only for its existence, not for the truth of the facts recited therein). Here, the Court cannot take judicial notice of the truth of any statements on Interval's website, much less find those unspecified statements would warrant dismissal of a complaint alleging facts to the contrary.

Accordingly, the Motion to Dismiss the FAC is **DENIED**. Interval shall file its answer no later than **July 20, 2021**. The matter is **SET** for a case management conference on **August 30, 2021**, **at 2:00 p.m.** via the Court's Zoom videoconferencing platform.

This terminates Docket No. 15.

**IT IS SO ORDERED**.

Date: July 2, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3